USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11/26/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x

CHERYL TYREE HAWKINS, :

          Plaintiff, : 12 Civ. 2501 (AJP)

      -against- : **OPINION AND ORDER**

WANDA R. TYREE, :

          Defendant. :

------------------------------------ x

**ANDREW J. PECK, United States Magistrate Judge:**

        Pro se plaintiff Cheryl Tyree Hawkins brings this diversity action against her sister, pro se defendant Wanda R. Tyree, alleging "that by reason of the defendants acts and omission in having the plaintiff's mother removed from her life support device the plaintiff has suffered and continues to suffer great emotional anguish." (Dkt. No. 1: Compl. ¶ D(1).) Presently before the Court is Tyree's motion to dismiss. (Dkt. No. 19: Tyree Motion.)[1] The parties have consented to decision of this case by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 20.) For the reasons stated below, Tyree's motion is GRANTED in part and DENIED in part.[2]

        Tyree filed for bankruptcy on March 26, 2010 and was granted a Chapter 7 bankruptcy discharge on July 14, 2010 pursuant to 11 U.S.C. § 727, releasing her of all outstanding

---

[1] Hawkins did not respond to the motion, and the time to do so has passed.

[2] The legal standards governing a motion to dismiss are well known and will not be set forth herein. See, e.g., Maniolos v. United States, 741 F. Supp. 2d 555, 559-60 (S.D.N.Y. 2010) (Peck, M.J.) (& cases cited therein), aff'd, 469 F. App'x 56 (2d Cir. 2012); Bison Capital Corp. v. ATP Oil & Gas Corp., 10 Civ. 0714, 2010 WL 2697121 at *4-6 (S.D.N.Y. June 24, 2010) (Peck, M.J.), report & rec. adopted, 2010 WL 3733927 (S.D.N.Y. Sept. 16, 2010).

dischargeable debts. (Tyree Motion at 1-3.)[3/] Tyree asserts that because "[a]ll of the Plaintiff's claims as she has alleged them arose prior to March 26, 2010 and therefore, are barred by the bankruptcy discharge." (Tyree Motion at 1.) Hawkins' state tort claim arises from Tyree's removing their mother from life support on or about April 30, 2009. (Compl. ¶ C(8-9).)

In a Chapter 7 bankruptcy, a debtor receives a discharge of debts under the authority of § 727(b) of the Bankruptcy Code: "Except as provided in section 523 of this title, a discharge . . . discharges the debtor from all debts that arose before the date of the order for relief under this chapter . . . ." 11 U.S.C. § 727(b). Pursuant to § 523(a)(6), a debt is non-dischargeable where it is "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).[4/] With respect to what torts satisfy the discharge exception, the Supreme Court explained:

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, i.e., "reckless" or "negligent," to modify "injury." Moreover, . . . the (a)(6)

---

[3/] "In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case sub judice." Ferrari v. Cnty. of Suffolk, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011); see also, e.g., Manley v. Utzinger, 10 Civ. 2210, 2011 WL 2947008 at *1 n.1 (S.D.N.Y. July 21, 2011) ("The Court may take judicial notice of public records in deciding a motion to dismiss."); In re Heating Oil Partners, No. 08-CV-1976, 2009 WL 5110838 at *2 n.5 (D. Conn. Dec. 17, 2009) (taking judicial notice of a confirmation order that discharged debtor of all debts), aff'd, 422 F. App'x 15 (2d Cir. 2011); In re Driscoll, 379 B.R. 415, 421 (Bankr. D. Conn. 2008) (taking judicial notice of discharge); Balanoff v. Glazier (In re Steffan), 97 B.R. 741, 746 (Bankr. N.D.N.Y. 1989) (taking judicial notice of order of discharge).

[4/] See, e.g., Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006); Spencer v. Bogdanovich (In re Bogdanovich), 292 F.3d 104, 111 (2d Cir. 2002); Econ. Dev. Growth Enters. v. McDermott, 478 B.R. 123, 131 (N.D.N.Y. 2012); Casey v. Mohamed, 323 B.R. 834, 836 (S.D.N.Y. 2005).

formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself."

Kawaauhau v. Geiger, 523 U.S. 57, 61-62, 118 S. Ct. 974, 977 (1998).[5]

Here, Hawkins asserts a claim for "emotional anguish." (Compl. ¶ D(1).) To the extent that Hawkins is asserting a claim for negligent infliction of emotional distress, the claim is dismissed because the complaint fails to specifically allege any facts from which the Court could infer a "willful and malicious injury." See, e.g., Chaffee v. Chaffee (In re Chaffee), No. 07-11636, 2010 WL 3218603 at *2 (Bankr. N.D.N.Y. Aug. 10, 2010) ("Because the state judgment was based only on negligent infliction of emotional distress, the judgment debt does not fall within the dischargeability exception provided by § 523(a)(6)."), appeal granted, remanded on other grounds, No. 10-CV-1136, 2011 WL 4593758 (N.D.N.Y. Sept. 30, 2011). To the extent Hawkins is asserting a claim for intentional infliction of emotional distress, the claim survives because a claim for intentional infliction of emotional distress satisfies the "willful and malicious injury" standard. See, e.g., Musilli v. Droomers (In re Musilli), 379 F. App'x 494, 498 (6th Cir. 2010) ("This court has created a non-exclusive list of the 'types of misconduct [that] satisfy the willful and malicious injury standard: intentional infliction of emotional distress . . . .'"); Berrien v. Van Vuuren (In re Berrien), 280 F. App'x 762, 766 (10th Cir. 2008) (finding that intentional infliction of emotional distress claim satisfied the "'willful and malicious injury'" standard); Dowdy v. Bower (In re Bower), No. 97-1903, 151 F.3d 1028 (table), 1998 WL 372816 at *2 (4th Cir. June 5, 1998) (intentional infliction of emotional distress was a non-dischargeable tort claim); Collier on Bankruptcy § 523.12[4] (16th ed.

---

[5] See, e.g., Basile v. Spagnola (In re Spagnola), 473 B.R. 518, 522 (Bankr. S.D.N.Y. 2012); Sanger v. Busch (In re Busch), 311 B.R. 657, 665 (Bankr. N.D.N.Y. 2004).

2012) ("Claims based on . . . intentional infliction of emotional distress . . . have typically been held nondischargeable.").

Accordingly, Tyree's motion to dismiss is <u>GRANTED</u> as to Hawkins' claim for negligent infliction of emotional distress and <u>DENIED</u> as to Hawkins' claim for intentional infliction of emotional distress.

SO ORDERED.

Dated: New York, New York
November 26, 2012

**Andrew J. Peck**
United States Magistrate Judge

Copies to: Cheryl Tyree Hawkins (Regular & Certified Mail)
Wanda R. Tyree (Regular & Certified Mail)